■ EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Respondent, v JACK SCHECTMAN et al., Defendants, and MICHAEL GIORDANO et al., Appellants.—Order entered August 6, 1976 in the Supreme Court, New York County, which granted plaintiffs' motion for partial summary judgment and directed an assessment of damages, unanimously reversed, on the law, as to appellant Lillian Giordano, and, on the law and in the exercise of discretion, as to Michael Giordano, and the motion denied as to them, without costs and without disbursements. Plaintiff-respondent is the assignee of Purofied Down Products Corporation (Purofied) of which Craftex Comfort Products (Craftex) was a division. The claim against defendant-appellants for money damages is based upon the alleged conversion by them and their two codefendants (who are not involved in this appeal) of considerable quantities of down comforters belonging to Craftex. The nonappealing defendants and appellant Michael Giordano were indicted and charged with the crime of grand larceny in the second degree, in that they did take, obtain, and withhold from the possession of Craftex, property of the value of more than $1,500. Appellant Lillian Giordano, Michael's wife and a former employee of Craftex, was not indicted and denies participation in any alleged wrongdoing. The three who were indicted pleaded guilty to grand larceny in the third degree, i.e., taking, obtaining or withholding property of the value of more than $250. The only evidence implicating Lillian Giordano is an unsworn written statement by the codefendant Schectman given to certain officers of Purofied, which statement Schectman alleges was coerced. Such statement alone does not warrant and will not support the grant of summary judgment against Lillian Giordano, since there is presented a real issue of fact as to her liability. With regard to appellant Michael Giordano, there is no genuine issue of fact as to his liability, since his plea of guilty may fairly be considered an admission of liability which may be introduced in evidence at trial. However, the real issue is the extent of his liability. He never asserts that he did not take some comforters, but contests the amount. Respondent claims a total loss of $82,500. Clearly there is a factual dispute as to when, how and in what quantity the comforters were converted. Therefore, since the issues involved and the proof required to establish liability and the amount of the loss are, in a sense, coextensive, it is concluded that this is not an appropriate case for the granting of summary judgment against Michael Giordano. *(McMahon v Pfister,* 49 AD2d 729.) Concur—Stevens, P. J., Kupferman, Markewich and Yesawich, JJ.